# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No. 1:08CR00027 |
| | ) | |
| v. | ) | OPINION |
| | ) | |
| DANNY DELANO LAFORCE, | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia for United States; Nancy C. Dickenson, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

The defendant, Danny Delano LaForce, has filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, challenging his 120-month sentence imposed by this court under the Armed Career Criminal Act ("ACCA"). His motion is based on the holding of the Supreme Court in *Johnson v. United States*, 135 S. Ct. 2551 (2015). The United States has filed a Motion to Dismiss and the issues have been fully briefed. After reviewing the record and considering the arguments of the parties, I will deny the United States' Motion to Dismiss and grant LaForce's § 2255 motion.

## I.

On August 26, 2008, the grand jury charged LaForce in a Superseding Indictment with conspiracy to possess with intent to distribute and distribute methylphenidate and morphine, in violation of 21 U.S.C. §§ 846, 841(b)(1)(C) and

841(b)(1)(D); two counts of possessing with intent to distribute and distribute morphine and two counts of possessing with intent to distribute and distribute hydrocodone, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 841(b)(1)(D) and 18 U.S.C. § 2; and three counts of possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).

LaForce pleaded guilty to one count of being a felon in possession of a firearm in a written Plea Agreement. Plea Agreement 1, ECF No. 135. The Plea Agreement stipulated that LaForce was an armed career criminal and faced a statutory mandatory minimum sentence of 15 years. *Id*. It listed six convictions for Virginia burglary, one conviction for Virginia escape and one conviction for Virginia robbery as support for the enhanced sentence. *Id*. at 1-2. The Plea Agreement also included a collateral attack waiver, which provided that LaForce "waive[d] any right [he] may have to collaterally attack, in any future proceeding, any order issued in this matter." *Id*. at 8.

The Presentence Investigation Report ("PSR") recommended that LaForce be designated as an armed career criminal under the ACCA because he had at least three previous convictions "for a violent felony or a serious drug offense." PSR ¶ 47, ECF No. 273. The PSR listed the same convictions as those provided for in his Plea Agreemement. *Id.* at ¶¶ 52, 53, 54, 55 and 60. Because the PSR concluded

that LaForce qualified as an armed career criminal, it recommended an advisory guideline range of 168 to 210 months. *Id*. at ¶ 90. On April 27, 2010, I sentenced LaForce to 120 months' imprisonment following a motion by the government for a downward departure for substantial assistance and five years of supervised release. Judgment at 2-3, ECF No. 217. LaForce did not appeal. LaForce was released from the custody of the Bureau of Prisons on February 28, 2017. He is currently serving a five-year term of supervised release.

II.

The ACCA provides for an enhanced sentence if a defendant is convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), and "has three previous convictions by any court . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). Prior to *Johnson*, the term "violent felony" was defined in the ACCA as:

> [A]ny crime punishable by imprisonment for a term exceeding one year . . . that –
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B). The second portion of the second clause ("or otherwise involves conduct that presents a serious potential risk of physical injury to another") is called the "residual clause" and was found to be unconstitutionally vague in *Johnson*. This holding applies retroactively to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016). However, the first clause, referred to as the "force clause," and the beginning portion of the second clause, listing specific crimes, known as the "enumerated crimes clause," were not affected by the *Johnson* decision. 135 S. Ct. at 2563 (noting that other than the residual clause, the Court's holding "d[id] not call into question . . . the remainder of the [ACCA's] definition of a violent felony").

LaForce argues that following *Johnson*, all of the predicate offenses used to enhance his sentence under the ACCA — Virginia burglary, escape and robbery — can no longer be used to support his status as an armed career criminal.[1] I agree.

Fourth Circuit case law makes clear that prior Virginia burglary convictions cannot be used to enhance a defendant's sentence under the ACCA. In *Castendet-Lewis v. Sessions*, an immigration law case, the Fourth Circuit recently held that the Virginia burglary statute is both broader than generic burglary and indivisible. 855 F.3d 253, 264 (4th Cir. 2017). The Fourth Circuit has applied its holding in

---

[1] The government concedes that LaForce's conviction for Virginia escape without force, no longer qualifies as a violent felony under the ACCA. Resp. to § 2255 Mot. at 1, ECF No. 256.

*Castendet-Lewis* to conclude that Virginia burglary falls outside the scope of generic burglary in the enumerated crimes clause of the ACCA and cannot be used to support an enhanced sentence. *United States v. Hadsell*, No. 16-4767, 2017 WL 2772133, *1 (4th Cir. June 26, 2017) (unpublished). The Fourth Circuit has also concluded that Virginia robbery convictions do not satisfy the force clause of the ACCA, and therefore, are not viable predicates. *United States v. Winston*, 850 F.3d 677, 686 (4th Cir. 2017). Therefore, LaForce does not have any prior convictions that qualify as violent felonies under the ACCA and should not have been classified as an armed career offender.

The government makes additional arguments that various procedural impediments preclude LaForce from prevailing on his § 2255 petition. These claims are unavailing.

The government first argues that LaForce's petition is untimely because he did not file within one year of his judgment of conviction, as required under 28 U.S.C. § 2255(f)(1). However, § 2255(f) allows for an additional one-year limitations period to run from the date on which the Supreme Court recognizes a new right made retroactively applicable on collateral review if the defendant relies on that decision to support the claimed relief. *Id*. at § 2255(f)(3). The Fourth Circuit has held that a defendant relies on *Johnson* if his ACCA sentence "may have been predicated on application of the now-void residual clause." *Winston*,

850 F.3d at 682. LaForce's petition, filed within one year of *Johnson*, argues that his sentence may have been predicated on the ACCA residual clause because, at the time, some courts had considered burglary predicate offenses under the residual clause. Therefore he has shown reliance on a new, retroactively applicable rule of constitutional law sufficient to satisfy § 2255(f)(3).

The government also argues that LaForce's sentence is procedurally defaulted because he did not argue that the residual clause was unconstitutional on direct review, which usually precludes collateral review. *Massaro v. United States*, 538 U.S. 500, 504 (2003) (noting that claims not raised on direct appeal may generally not be raised on collateral review). However, the Fourth Circuit in *Winston*, rejected the government's "various related procedural arguments," and reached the merits of the petition without further consideration of procedural bars. 850 F.3d at 682 n.4.

Moreover, LaForce can demonstrate cause and actual prejudice to excuse the procedural default. *Bousley v. United States*, 523 U.S. 614, 622 (1998). A defendant can show cause to overcome a default when the Supreme Court establishes "a new constitutional rule, representing a clear break with the past," so that the legal basis for an argument was not reasonably available to counsel. *Reed v. Ross*, 468 U.S. 1, 17 (1984) (internal quotation marks and citations omitted). This is such a case because at the time of LaForce's sentencing, the Supreme Court

had definitively rejected a vagueness challenge to the ACCA's residual clause in *James v. United States*, 550 U.S. 192, 210 n.6 (2007) ("[W]e are not persuaded . . . that the residual provision is unconstitutionally vague."). The *Johnson* decision expressly overruled *James*. *Johnson*, 135 S. Ct. at 2563 ("Our contrary holding[] in *James* . . . [is] overruled.").

Moreover, LaForce has established prejudice. Because of his ACCA designation, LaForce faced a mandatory minimum of 180 months' incarceration. He received a downward departure, however, and so received a 120-month sentence, the maximum term of imprisonment that he could have received without the ACCA enhancement. Nonetheless, he was sentenced to five years of supervised release, a term above the statutory maximum allowed for non-armed career criminals. A crime with a maximum of 10 years' imprisonment — the applicable maximum for an 18 U.S.C. § 922(g) conviction without the ACCA enhancement — is a Class C felony, 18 U.S.C. § 3559(a)(3), punishable by not more than three years of supervised release, 18 U.S.C. § 3583(b)(2). But a crime punishable by up to life imprisonment — the applicable maximum for an 18 U.S.C. § 922(g) conviction with the ACCA enhancement — is a Class A felony, 18 U.S.C. § 3559(a)(1), punishable by not more than five years of supervised release, 18 U.S.C. § 3583(b)(1). Therefore, LaForce received a supervised-release sentence above the statutory maximum.

Furthermore, the government contends that LaForce's collateral attack waiver precludes him from bringing this petition. Although collateral attack waivers are generally enforceable following a knowing and voluntary guilty plea, *United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005), as was the plea here, Laforce's *Johnson* claim falls beyond the scope of his collateral-attack waiver. The Fourth Circuit has held that a valid waiver of appellate and collateral-attack rights does not give the court unfettered discretion in imposing a sentence and that certain fundamental defects or errors may not be waived. *United States v. Marin*, 961 F.2d 493, 496 (4th Cir. 1992). One such fundamental error is if the sentence imposed is in excess of the maximum penalty provided by statute. *Id*. Because I conclude that LaForce is not an armed career criminal, his five-year supervised release sentence is greater than the three-year statutory maximum. Accordingly, LaForce has not waived his right to bring this § 2255 petition.

III.

For these reasons, I will deny the United States' Motion to Dismiss and grant the Motion to Vacate, Set Aside, or Correct sentence pursuant to 28 U.S.C. § 2255. A separate order will be entered vacating the defendant's sentence subject to resentencing.[2]

---

[2] Although LaForce has been released from the custody of the Bureau of Prisons, he remains on supervised release. Accordingly, he is still considered to be "in custody"

DATED: August 4, 2017

/s/ James P. Jones
United States District Judge

---

for purposes of a § 2255 motion, and so his motion is not moot. *United States v. Pregent*, 190 F.3d 279, 283 (4th Cir. 1999). Accordingly, resentencing is appropriate.